IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TOBY M. NORMAN,                          Case No. 3:11-cv-00854-MA

           Plaintiff,                    OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.

RICHARD McGINTY
McGinty & Belcher, PC
P.O. Box 12806
Salem, OR 97301

    Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
District of Oregon
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902

DAVID MORADO
Regional Chief Counsel
SIMONE PEREIRA CAIN
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
1301 Young St., Ste A702
Dallas, TX 75202-5433

    Attorneys for Defendant

1 - OPINION AND ORDER

MARSH, Judge

Plaintiff Toby M. Norman seeks judicial review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits (DIB) and child's disability benefits (CDB) under 42 U.S.C. §§ 402(d) and 416(e) of the Social Security Act (the Act), and supplemental security income (SSI) disability benefits under 42 U.S.C. § 1381(a) of the Act. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). For the reasons that follow, this court reverses the decision of the Commissioner, and remands the case for further consideration.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed applications for CDB, DIB, and SSI on September 11, 2006, alleging onset of disability on December 1, 1997. The claims were initially denied and upon reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ). An ALJ held a hearing on December 10, 2009, at which plaintiff appeared with his attorney and testified. A vocational expert, C. Kay Wise, as well as plaintiff's mother, also appeared and testified. On December 18, 2009, the ALJ issued three unfavorable decisions – one per application – which are virtually identical in substance. The Appeals Council denied plaintiff's request for review on June 20, 2011. The ALJ's decisions therefore became the final decisions of the Commissioner for purposes of review.

Plaintiff was born July 27, 1976 and is a "younger individual" under the Act.  Plaintiff completed high school through grade 11. Plaintiff has no past relevant work experience, and has worked only sporadically as a janitor, dishwasher, and at a lumber mill. Plaintiff has been diagnosed with schizophrenia, psychotic disorder, and polysubstance abuse.  Plaintiff was hospitalized for two weeks in March of 1996 for a psychotic break.  Plaintiff was incarcerated from 2004 to 2006, and has spent several periods in jail.

## THE ALJ'S DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(a), 416.920(b).  Each step is potentially dispositive.  The claimant bears the burden of proof at steps one through four.  See Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).  At step five, the burden shifts to the Commissioner to show that the claimant can do other work which exists in the national economy. Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995).  Because the same five-step process applies to plaintiff's claims for CDB, DIB and SSI, I have set forth the ALJ's relevant findings on all three applications below.

Plaintiff turned 22 years old on July 27, 1998, and must establish disability prior to that date to establish CDB. 42 U.S.C. § 202(d). Plaintiff is first insured for DIB coverage on July 1, 1999, and acquired sufficient quarters of coverage to remain insured through June 30, 2001 ("date last insured"). Thus, to establish DIB benefits, plaintiff must establish disability prior to June 30, 2001. 42 U.S.C. § 416(I)(3); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since his alleged onset of disability. See 20 C.F.R. §§ 404.1520(b), 404.1571 et seq., 416.920(b), 416.971 et seq. With respect to CDB, the ALJ also found that plaintiff had not attained age 22 prior to the alleged onset of disability, and has not engaged in substantial gainful activity since the alleged onset of disability. 20 C.F.R. §§ 404.102, 404.350(a)(5).

At step two, the ALJ found that plaintiff had the following severe impairments: schizophrenia or psychotic disorder, as well as polysubstance dependency (in remission). See 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the ALJ found that plaintiff's impairments, or combination of impairments did not meet or medically equal a listed impairment. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.

4 - OPINION AND ORDER

The ALJ assessed plaintiff with a residual functional capacity (RFC) to perform a full range of work at all exertional levels, but with the following nonexertional limitations:  due to his mental impairments he can perform unskilled work in a slower work pace setting that does not involve contact with the public or co-workers.  See 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929.

At step four, the ALJ found plaintiff unable to perform any past relevant work.  See 20 C.F.R. §§ 404.1565, 416.965.

At step five, the ALJ concluded that considering plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that the claimant can perform.  See 20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), 416.966, 404.1569, 404.1569(a).  Accordingly, the ALJ concluded that Plaintiff is not disabled under the meaning of the Act.

## ISSUES ON REVIEW

On appeal to this court, plaintiff contends that the ALJ failed to properly analyze all of the medical evidence, including that of his treating physician, Joseph Arnold, M.D., and examining physicians Gregory A. Cole, Ph.D., Nick Dietlein, Psy.D., and Rory Richardson, Ph.D.  Plaintiff alleges that the ALJ failed to give Dr. Arnold's opinion controlling weight and failed to incorporate all of the limitations described by Drs. Cole, Dietlein and Richardson into the RFC.  Plaintiff also alleges the ALJ erred in

favoring the opinions of nonexamining psychological consultants over the opinions of his treating and examining physicians.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews, 53 F.3d at 1039. "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.; Valentine, 574 F.3d at 690. The court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. Batson v. Comm'r of Soc. Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001); Batson, 359 F.3d at 1193.

////

////

////

////

## DISCUSSION

I. **Medical Evidence.**

   A. **Standards.**

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). When making that determination, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007). To reject the uncontroverted opinion of a treating physician, the ALJ must present clear and convincing reasons for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Rodriguez v. Bowen, 876 F.2d 759, 761-62 (9th Cir. 1989). If two opinions conflict, an ALJ must give "specific and legitimate reasons" for discrediting a treating physician in favor of an examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ can meet this burden by providing a detailed summary of the facts and conflicting medical evidence, stating his own interpretation of that evidence, and making findings. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008); Carmickle v. Comm'r Soc. Security Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). When evaluating conflicting opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. Bayliss, 427 F.3d at 1216.

**B.    Joseph Arnold, M.D.**

Plaintiff complains that the ALJ erred by failing to accord controlling weight to the opinion of his treating physician, Dr. Arnold.   In a January 29, 2008 letter, Dr. Arnold stated that plaintiff has been under his care for approximately 10 years, that he has diagnosed plaintiff with chronic schizophrenia, characterized by "auditory hallucinations, delusional thoughts, and markedly disorganized behavior."   (Tr. 472.)   Dr. Arnold stated that plaintiff's condition had improved because he is more compliant with his medications, but that plaintiff's overall level of functioning "remains very low."   Dr. Arnold provided the following limitations:

> I believe it would be impossible for him to deal with the public.  He would have great difficulty carrying out even simple instructions on a sustained basis.  Even minimal amounts of stress would exacerbate his symptoms. ... Even with medications, however, his overall condition is tenuous, and it must again be emphasized that without the supportive and stable environment provided by his mother, he would not be able to function.
>
> I do not feel that [plaintiff] is capable of gainful employment.  (Tr. 472.)

The ALJ provided several reasons for rejecting Dr. Arnold's 2008 letter opinion.   The ALJ noted that whether plaintiff was unable to work was question reserved to the Commissioner.   See 20 C.F.R. §§ 404.1527(d)(416.927(d).   The ALJ also discussed that Dr. Arnold's 2008 opinion was inconsistent with his subsequent

treatment notes, and that the opinion conflicted with the opinions of examining physicians Drs. Cole and Dietlein.

Plaintiff contends that the ALJ provided insufficient reasons for discounting Dr. Arnold's 2008 opinion, and failed to distinguish between the three separate claims for CDB, DIB and SSI.

Having carefully reviewed the medical record before me, I conclude that the ALJ's finding that Dr. Arnold's 2008 opinion is inconsistent with his subsequent treatment notes is not supported by substantial evidence. In the decisions, the ALJ indicates that plaintiff's psychotic symptoms are improved and under better control when he is taking his medications, and that plaintiff is stable as of July 2009. Reviewing those treatment notes, as well as all of Dr. Arnold's records *in toto*, it is clear that even if plaintiff's condition had improved, Dr. Arnold considered plaintiff's overall functioning quite low.

Indeed, Dr. Arnold's treatment notes from 2007 to 2009 consistently reflect a GAF score of 25, indicating considerable or serious impairment. (Tr. 452, 453, 455, 458); American Psychiatric Ass'n *Dignostic & Statistical Manual of Mental Disorders* 34 (4th ed. 2000, text revision)(*DSM-IV-TR*)(defining GAF of 30 to 21 as "Behavior is considerably influenced by delusions or hallucination OR serious impairment in communication or judgment indicates ... OR inability to function in almost all areas.") While GAF scores alone are not determinative of the severity of mental impairments,

Dr. Arnold's regular assignment of such a dramatically low GAF score is consistent with his opinion that he considered plaintiff to be "very low functioning," and plaintiff's condition "tenuous." Thus, contrary to the ALJ's conclusion, I find Dr. Arnold's treatment notes consistent with his opinion that plaintiff is incapable of full-time employment. See Tushner v. Astrue, 2012 WL 1481493, *4 (D. Or. Apr. 27, 2012)(noting that GAF scores are not determinative of mental illness severity, and that ALJ's failure to discuss a GAF score by itself is not error).

Plaintiff also submits that with respect to his claims for CDB and DIB, Dr. Arnold's 2008 opinion is not relevant and the ALJ erred in considering it. I disagree. Medical evaluations made after an a claimant's insured status has expired are relevant to a claimant's pre-expiration condition. Taylor v. Comm'r of Soc. Security Admin., 659 F.3d 1228, 1233 (9th Cir. 2011).

And, absent from the ALJ's CDB and DIB decisions is a discussion of Dr. Arnold's records from April of 1996, when Dr. Arnold saw plaintiff three times following his discharge from the hospital for a psychotic break. On April 9, 1996, Dr. Arnold believed that plaintiff belonged in the hospital, and that plaintiff "gives the impression that without assistance he would not be able to function." (Tr. 331.) On April 18, 1996, Dr. Arnold noted that plaintiff was improving on medication, and that

plaintiff "[a]ttributes his psychosis to drugs," which plaintiff indicated he would avoid.[1] (Tr. 1035.)

Medical opinions that pre-date the alleged onset of disability may be of limited relevance. Carmickle v. Comm'r of Soc. Security Admin., 533 F.3d 1155, 1165 (9th Cir. 2008). However, in this case, Dr. Arnold served as plaintiff's treating physician and has a longitudinal history of plaintiff's mental illness. Additionally, Dr. Arnold's 1996 treatment notes are consistent with his 2008 opinion that plaintiff is unable to function without assistance. Thus, Dr. Arnold's medical records from 1996 are probative with respect to plaintiff's CDB and DIB claims, and the ALJ erred in failing to discuss them. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)(an ALJ is not required to discuss all evidence, but must explain why significant, probative evidence is rejected). Thus, I find that the ALJ's reasons for discounting Dr. Arnold's 2008 opinion are not supported by substantial evidence, and that the ALJ erred in failing to discuss all the relevant

---

[1]The ALJ also did not discuss a June 5, 1996 evaluation by Bruce A. Bibby, a therapist from Polk County Mental Health, in which plaintiff admitted to hard use of drugs, but plaintiff claimed that he had been clean for 15 months. In that evaluation, plaintiff further admitted that he was abusing alcohol at that time. (Tr. 325-26.) As discussed later in this opinion, on remand, Bibby's opinion may be relevant to the evaluation of whether plaintiff's polysubstance abuse is contributing factor material to his disability. See Parra v. Astrue, 481 F.3d 742, 747-48 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008).

evidence.    Accordingly,    the    ALJ's    assessment    of    Dr.    Arnold's
opinion is not sustained.

### C.    Gregory A. Cole, Ph.D.

On    May    20,    2003,    Dr.    Cole    conducted    a    psychodiagnostic
interview with plaintiff.    Dr. Cole found that plaintiff had
difficulty in the areas of attention and concentration, had below
average immediate memory capability, gave up easily on tasks, and
exhibited problems following simple instructions.    Significantly,
Dr. Cole opined:

> it cannot be indicated that [plaintiff] could not work at
> all in some capacity; rather it is suggested that if
> [plaintiff] pursues a vocational placement in the near
> future, then he will need to be assigned to tasks which
> are considered to be low in stress, and where he is
> closely    supervised.      It    is    also    presumed    that
> [plaintiff's] psychological/behavioral deficits are such
> that he would be most successful in a structured workshop
> setting.

Dr. Cole also recommended that someone else handle plaintiff's
funds, and assigned a GAF of 45.    In the three decisions, the ALJ
concluded that Dr. Arnold's 2008 opinion that plaintiff cannot
maintain full-time employment is contradicted by Dr. Cole's opinion
that plaintiff is not precluded from all work.    The ALJ gave Dr.
Cole's opinion great weight, finding it consistent with the record
as a whole, and by incorporating Dr. Cole's limitations into the
RFC by limiting plaintiff to "unskilled work in a slower work pace
setting."

Plaintiff argues that the ALJ's RFC fails to incorporate all of the limitations described by Dr. Cole. I agree. Contrary to the ALJ's conclusion, Dr. Cole did not recommend that plaintiff seek vocational rehabilitation. Instead, Dr. Cole suggested that plaintiff needed close supervision in a low stress environment, and would be best suited for placement in "structured workshop setting." I reject the Commissioner's argument that the ALJ's RFC reasonably incorporated Dr. Cole's limitations. Indeed, the ability to work in a highly structured environment, such as a sheltered workshop, does not establish the ability to perform substantial gainful activity. See Gregory v. Bowen, 844 F.2d 664, 667 (9th Cir. 1988). Because the ALJ's RFC does not incorporate the limitations described by Dr. Cole, the ALJ's findings are not sustained. Thus, the ALJ's erroneous assessment of Dr. Cole's opinion cannot serve as a specific, legitimate reason to discount Dr. Arnold's opinion.

### D.   Dr. Dietlein.

The ALJ concluded that Dr. Arnold's opinion also was contradicted by Nick Dietlein, Psy.D., who conducted a psychodiagnostic interview on April 10, 2007. Dr. Dietlein noted that plaintiff denied any current use of drugs or alcohol, but plaintiff admitted that he used marijuana and methamphetamines a couple of time when he first got out of prison in 2006, but no longer does. Plaintiff also indicated that he had been using

marijuana and methamphetamines for many years prior to 2004, but did not recall when he began using illicit substances. (Tr. 383.) Dr. Dietlein concluded that plaintiff had difficulty focusing, and had trouble understanding and remembering instructions. Dr. Dietlein observed that plaintiff would have difficulty engaging in social interactions at an acceptable level, and could not manage his own funds. Dr. Dietlein noted that plaintiff denied any current drug or alcohol abuse or use, but Dr. Dietlein questioned the veracity of plaintiff's report. Dr. Deitlien assigned a GAF of 45. The ALJ gave the opinion of Dr. Dietlein great weight, and incorporated Dr. Dietlein's functional limitations by limiting plaintiff to no contact with the public or with co-workers.

While I find that the ALJ's RFC accurately incorporates the functional limitations described by Dr. Dietlein, it is difficult to conclude that Dr. Dietlein's opinion is consistent with the medical record as a whole. As discussed elsewhere in this opinion, plaintiff's symptoms have varied in severity, with Drs. Arnold, Cole, and Anderson describing significantly greater limitations.

**E.   Rory F. Richardson, Ph.D.**

Dr. Richardson performed a psychodiagnostic evaluation on July 7, 2001. (Tr. 311-313.) Dr. Richardson concurred with the diagnosis of schizophrenia, but recommended further psychological testing and an MMPI-2 to determine whether it is paranoid type or disorganized type. Dr. Richardson noted that plaintiff had a high level of

anxiety.  Dr. Richardson's testing demonstrated that plaintiff was able to perform basic math, but was unable to interpret basic proverbs.  Dr. Richardson recommended total abstinence from drugs for six months prior to any further neurological testing to more effectively determine what impact drugs and alcohol have on plaintiff's functioning.  Dr. Richardson also recommended someone else handle plaintiff's funds.

In the decisions, the ALJ noted the above, and Dr. Richardson's finding that plaintiff's ability to concentrate and focus was substantially impaired.  I find the ALJ's assessment of Dr. Richardson's opinion to be without error.  Dr. Richardson did not provide more specific limitations than those provided for by the ALJ in the RFC.

**F.    State Agency Nonexamining Psychologists.**

The Commissioner contends that the ALJ properly considered the assessments of the agency nonexamining psychologists, Drs. Anderson and Rethinger.  On April 19, 2007, Dr. Anderson completed a Mental Residual Functional Capacity Assessment, purporting to cover from July of 1998 to the date of the evaluation, presumably relating to plaintiff's SSI claim.  (Tr. 402-406.)  Dr. Anderson opined that plaintiff was not significantly limited in his ability to remember simple instructions, did not need special supervision, and was moderately limited in his ability to remember, understand, and carry out detailed instructions, and maintain attention and

concentration.  (Tr. 402.)  Significantly, Dr. Anderson discussed that plaintiff had a two-year period of very stable functioning while in prison and off all drugs.  (Tr. 406.)  However, Dr. Anderson detailed, that when under the influence of drugs, plaintiff's symptoms are quite severe and at listing level.  Based on her review, Dr. Anderson determined that plaintiff met Listing 12.03, but that drug and alcohol abuse were a material factor contributing to his severe mental impairments.  (Tr. 406.)

Dr. Anderson also completed Psychiatric Review Technique purporting to assess plaintiff's condition from July 1998 to June 30, 2001, his date last insured, presumably relating to plaintiff's CDB and DIB claims.  (Tr. 437-50.)  Dr. Anderson discussed plaintiff's vague denials of drug and alcohol use, and that plaintiff was in and out of jail several times in that time-frame. Dr. Anderson opined that plaintiff did not meet Listing 12.03, and determined that plaintiff was limited to simple tasks.  Paul Rethinger, Ph.D., concurred in Dr. Anderson's opinions.  (Tr. 427.)

In the decisions, the ALJ gives the consulting psychologists' opinions great weight, and stating that the consultants found plaintiff capable of performing simple work, and finding their opinions consistent with the record as a whole.

The ALJ's discussion of the nonexamining psychologists' opinions is wholly inadequate.  Despite issuing three separate decisions, the ALJ does not differentiate Drs. Anderson and

Rethinger's findings as they pertain to plaintiff's claims for CDB, DIB and SSI.   Also, the ALJ completely fails to discuss Dr. Anderson's opinion that plaintiff's symptoms are at listing level, and that drug and alcohol abuse are contributing factors material to disability with respect to his SSI claim.   The ALJ's failure to discuss this significant, probative evidence is error.   See Vincent, 739 F.2d at 1394.   I conclude that the ALJ's assessment of the nonexamining physicians opinions' in this regard is erroneous and cannot be sustained.   Moreover, the ALJ's blanket statement that the nonexamining physicians' opinions are consistent with the record as a whole also fails to account for the fact that Drs. Anderson and Rethinger provided two very different opinions, which the ALJ failed to separately discuss.

To summarize, in this case, the ALJ's evaluation of the medical evidence was not supported by substantial evidence and cannot be sustained.   The ALJ did not provide specific and legitimate reasons to discount the opinion of Dr. Arnold or properly evaluate the opinions of Drs. Cole, Anderson and Rethinger.   The ALJ's assessment of the remaining medical opinions do not amount to substantial evidence given the other errors.   See Ryan v. Comm'r of Soc. Security Admin., 528 F.3d 1194, 1201-02 (9th Cir. 2008).

////

////

17 - OPINION AND ORDER

II.    **Remand.**

As discussed above, the ALJ's analysis of the opinions of Drs.
Arnold, Cole, Rethinger and Anderson are erroneous for the reasons
stated above.  The ALJ's subsequent RFC assessment and hypothetical
questions to the VE at step five therefore are not based upon the
proper legal standards.

The decision whether to remand for further proceedings or for
an immediate payment of benefits is within the discretion of the
court. Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009);
Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), cert. denied,
531 U.S. 1038 (2000).  The issue turns on the utility of further
proceedings.  A remand for an award of benefits is appropriate
where there is no useful purpose to be served by further
proceedings or where the record is fully developed.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate award
of benefits directed." Harman, 211 F.3d at 1178.  The Court should
grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient
> reasons for rejecting such evidence, (2) there are no
> outstanding issues that must be resolved before a
> determination of disability can be made, and (3) it is
> clear from the record that the ALJ would be required to
> find the claimant disabled were such evidence credited.
> Id.

Where it is not clear that the ALJ would be required to award
benefits were the improperly rejected evidence credited, the court

18 - OPINION AND ORDER

has discretion whether to credit the evidence. <u>Connett v. Barnhart</u>, 340 F.3d 871, 876 (9th Cir. 2003).

In determining whether to award benefits or remand the matter for further proceedings, the court must determine whether "outstanding issues remain in the record." The Commissioner submits that outstanding issues exist which prevent an immediate award of benefits and I agree.

In this case, when the evidence from Drs. Arnold, Cole, Anderson and Rethinger is fully credited, plaintiff is disabled under the Act for all three claims. With respect to plaintiff's claims for CDB and DIB, Dr. Arnold opined that plaintiff had been under his care for 10 years, and that plaintiff was very low functioning and couldn't survive without the assistance of his mother. (Tr. 472.) Dr. Arnold's treatment notes reflect that as far back as 1996, he held the same opinion of plaintiff. (Tr. 330-31.) With respect to plaintiff's claim for SSI, Dr. Cole opined in 2003 that plaintiff would work best placed in a structured work environment, and Drs. Anderson and Rethinger opined that he met Listing 12.03 due to his schizophrenia. Additionally, plaintiff's counsel elicited testimony from the VE noting that plaintiff's need to be re-directed often and closely supervised suggests a sheltered work environment, as opposed to a competitive work environment. (Tr. 100-01.) Accordingly, when the opinions of Drs. Arnold, Cole

and Anderson are fully credited, plaintiff is disabled under the Act on his claims for CDB, DIB and SSI.

However, I cannot remand this case for an immediate payment of benefits because the record contains numerous references to plaintiff's drug and alcohol use and abuse. Here, the ALJ did not find plaintiff disabled, and thus did not reach the question of materiality concerning his drug and alcohol abuse. If a claimant is found to be disabled and the record includes evidence of drug or alcohol addiction, the ALJ must determine whether the addiction is a contributing factor that is "material" to the finding of disability. 42 U.S.C. § 423(d)(2)(C); Parra v. Astrue, 481 F.3d 742, 746-47 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008).

In the instant case, the ALJ determined at Step Two that plaintiff's polysubstance abuse was in remission. However, this determination is not supported by substantial evidence on any claim, but particularly with respect to plaintiff's CDB and DIB claims. To be sure, there is evidence from plaintiff treating and examining physicians expressing concern about plaintiff's drug and alcohol abuse dating from 1996 and continuing at least until October of 2007. (See Tr. 325, 462.) The records from Dr. Arnold about plaintiff's remission status suffer internal inconsistencies. For example, in 2007, Dr. Arnold indicated that plaintiff's remission status was unknown, yet in 2008 and 2009, Dr. Arnold reported that plaintiff had been in remission for four years. (Tr.

462, 458, 455.)  To be sure, evaluations conducted in 1996, 2001, 2003, 2006, and 2007 indicate concerns about plaintiff's veracity about his reporting of drug and alcohol use and abuse.  (See Tr. 315, 318-19, 326-27, 383-84, 419-20.)  Accordingly, on remand, the ALJ is instructed to make a determination about whether plaintiff's drug and alcohol abuse is a contributing factor material to his disability, specifically as it pertains to his separate claims for CDB, DIB and SSI.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED this __8__ day of AUGUST, 2012.

_Malcolm F. Marsh_
Malcolm F. Marsh
United States District Judge