IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TOBY M. NORMAN,                                Case No. 3:11-cv-00854-MA

           Plaintiff,                      ORDER ON EAJA FEES

  v.

MICHAEL J. ASTRUE,
Commissioner of Social
Securtiy,

           Defendant.

MARSH, Judge

On August 8, 2012, I issued an order and judgment reversing and remanding the Commissioner's nondisability determination pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. #20 & 21.) Currently before me is plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Commissioner opposes plaintiff's motion as untimely.

## DISCUSSION

Under the EAJA, a prevailing party is entitled to recover attorney fees, costs and expenses in civil actions against the government, unless the government shows its position in the

1 - ORDER ON EAJA FEES

litigation was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The decision to deny EAJA attorney fees is within the discretion of the court. Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995). A social security claimant is a "prevailing party" following a sentence-four remand for further proceedings under 42 U.S.C. § 405(g). Id. at 568. The Commissioner does not dispute that plaintiff is the prevailing party here.

The EAJA also limits the time within which a prevailing party may file a fee application. Under § 2412(d)(1)(B), "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses[.]" A "final judgment" means a judgment which is no longer appealable. 28 U.S.C. § 2412(d)(2)(G). Under Fed.R.App.P. 4(a)(1)(B), the Commissioner has 60 days to appeal the judgment. As a result, a successful social security claimant has 30 days to file an EAJA fee application after the 60-day appeal period has expired. See Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Hoa Hong Van v. Barnhart, 483 F.3d 600, 604 (9th Cir. 2007); Sanford-Murray v. Astrue, 2013 WL 54018, * 1-2 (D. Or. Jan. 3, 2013).

In this case, I entered judgment remanding this case on August 8, 2012, and the 60-day appeal period expired on or about October 9, 2012. Plaintiff's EAJA filing period then began and expired 30 days later on or about November 9, 2012. According to his

2 - ORDER ON EAJA FEES

affidavit, plaintiff's counsel discovered that the EAJA time period had lapsed on November 26, 2012. On November 27, 2012, plaintiff's counsel contacted opposing counsel, and then filed a Motion for Relief for Judgment to File an EAJA Motion pursuant to Fed.R.Civ.P. 60(b) and (d). (Doc. #22.) In the Rule 60 motion, plaintiff acknowledged that any EAJA motion was untimely, but sought permission to file such a motion nonetheless. The Commissioner did not oppose the Rule 60 motion, but preserved its objections on timeliness grounds for its response to the underlying motion. I granted plaintiff's Rule 60 motion on December 13, 2012, and on December 17, 2012, plaintiff filed his application for EAJA fees. (Doc. 24 & 25.)

There is no dispute that plaintiff's application for EAJA fees is untimely. However, plaintiff contends that the doctrine of equitable tolling should apply to extend the EAJA fee application limitation period.

It is not clear that equitable tolling is applicable to the 30-day EAJA deadline. See Scarborough v. Principi, 541 U.S. 401, 421 n.8 (2004)(explicitly reserving the question of whether equitable tolling applies to the EAJA fee time limitation in disability cases); Sanchez v. Astrue, 273 Fed. Appx. 686, 687 (9th Cir. 2008)(noting that Scarborough did not answer the question, but that even if equitable tolling could be applied in a disability case, circumstances did not warrant its application).

3 - ORDER ON EAJA FEES

Some courts in other jurisdictions have determined that the doctrine of equitable tolling applies to the EAJA time limitation for fee applications in social security disability cases. See Townsend v. Comm'r of Soc. Sec., 415 F.3d 578, 581-83 (6th Cir. 2005); Souphalith v. Astrue, 2009 WL 35471 (S.D. Cal. Jan. 5, 2009)(finding that plaintiff's diligent pursuit of fee settlement negotiations and lack of prejudice warranted applying equitable tolling EAJA to cure fee application's untimeliness). Plaintiff, however, cites no controlling or persuasive authority applying the doctrine of equitable tolling in similar circumstances.

I conclude that even assuming *arguendo* that equitable tolling applies to this case, plaintiff has not satisfied its requirements. Indeed, for equitable tolling to apply, plaintiff would need to establish: (1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Moreover, negligence or excusable neglect is not sufficient. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)("a garden variety claim of excusable neglect" does not merit exercise of equitable tolling); Hensley v. United States, 531 F.3d 1052, 1057-58 (9th Cir. 2008), cert. denied, 129 S. Ct. 2432 (2009)(equitable tolling did not apply where due diligence was not exercised and there was no fraud or trickery to cause the late filing).

4 - ORDER ON EAJA FEES

In his affidavit, plaintiff acknowledges that the application is untimely, and that the error may have been caused by a disruption in office procedures and counsel's absence from the office due to shoulder surgery. These reasons fall far short of diligent pursuit of his rights and extraordinary circumstances, and thus do not weigh in favor of applying equitable tolling.

Plaintiff also argues that equitable tolling ought to apply because the government may suffer harm. Plaintiff submits that because any money owed to the government must be subtracted from an EAJA award under Treasury offset program approved in <u>Astrue v. Ratliff</u>, 130 S. Ct. 2521 (2010), the government's potential loss warrants application of equitable tolling.

While plaintiff may be correct that any implications of <u>Ratliff</u> should be considered, in this instance, plaintiff has not demonstrated any actual harm will occur. The is no evidence before me demonstrating that plaintiff, in fact, owes any monies that would be recovered under the Treasury offset program. Thus, even assuming I could equitably toll the EAJA fee time period, plaintiff has failed to demonstrate it is appropriate to do so here. Accordingly, plaintiff's application for fees is denied as untimely.

////

////

////

5 - ORDER ON EAJA FEES

## CONCLUSION

Based on the foregoing, plaintiff's Application for Fees Pursuant to the Equal Access to Justice Act (Doc. #25) is DENIED.

IT IS SO ORDERED.

DATED this __11__ day of JANUARY, 2012.

                                                    */s/ Malcolm F. Marsh*
                                                    Malcolm F. Marsh
                                                    United States District Judge